IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLTON RAY SMITH,                              No. 3:22-cv-00946-HZ

               Plaintiff,                    OPINION & ORDER

    v.

PORTLAND POLICE BUREAU/CITY OF
PORTLAND,

               Defendant(s).


Carlton Ray Smith
650 N.W. Irving St.
Portland, OR 97209

       Plaintiff, *Pro Se*

Marc Lane Rodriguez
Portland Office of the City Attorney
1221 S.W. Fourth Avenue
Suite 430
Portland, OR 97204

       Attorneys for Defendants

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendant Portland Police Bureau's Motion to Dismiss [ECF 11] and the Amended Motion to Dismiss of Defendants Portland Police Bureau and City of Portland [ECF 14]. For the reasons that follow, the Court grants Portland Police Bureau's Motion to Dismiss and grants in part and denies in part Defendants' Amended Motion to Dismiss.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and the filings related to the Motions to Dismiss and are taken as true unless otherwise noted.

On August 5, 2020, Plaintiff Carlton Ray Smith was "covering a protest in the capacity of a journalist when [he] was attacked by [Portland Police] officers causing severe psychological and physical injuries." Am. Compl. at 4. Plaintiff's "property was seized and destroyed during [his] arrest." *Id*.

On June 30, 2022, Plaintiff filed a *pro se* Complaint in this Court in which he listed "Portland Police Bureau/City of Portland" as Defendants in the case caption and asserted claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the First, Fourth, and Eighth Amendments and state-law claims for destruction of property, harassment in violation of Oregon Revised Statute § 166.065, battery, assault, and criminal mischief I.

On August 29, 2020, before any responsive pleading was filed, Plaintiff filed an Amended Complaint again listing "Portland Police Bureau/City of Portland" as Defendants in the case caption and asserting claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the First, Fourth, and Eighth Amendments and state-law claims for destruction of property, harassment in violation of Oregon Revised Statute § 166.065, battery, assault, and criminal

mischief I. Plaintiff attached to the Amended Complaint a Tort Claim Notice against the City of Portland ("the City") dated January 9, 2021; an email from Karren Bond, City of Portland Senior Claims Analyst, acknowledging receipt of Plaintiff's tort notice; and various other documents and photographs.

On September 29, 2022, Defendant Portland Police Bureau ("PPB") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) in which it seeks dismissal of Plaintiff's claims against PPB on the basis that it is not subject to suit under § 1983. Plaintiff did not file a response to PPB's Motion to Dismiss.

On October 11, 2022, a Return of Service form was filed as to the City that contained a Process Receipt and Return form signed by an authorized United States Marshal Service (USMS) Deputy or Clerk noting service had been effected on Ed Becerril, an Administrative Specialist II for the Portland City Attorney's Office. ECF 13 at 1. The return of service also contained a Proof of Service form stating: "I personally served the summons on [Ed Becerril] at 1221 SW 4th Ave. Portland, OR on 10/7/22" and signed by a USMS Deputy or Clerk  *Id.* at 2.

On October 28, 2022, PPB and the City filed an Amended Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) in which they seek dismissal of Plaintiff's claims against PPB on the basis that it is not subject to suit under § 1983 and dismissal of Plaintiff's claims against the City on the basis that it was not served with the summons. Plaintiff did not file a response to Defendants' Amended Motion to Dismiss.

## STANDARDS

**I.    Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. The plaintiff has the burden to establish

personal jurisdiction. *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022)(citing *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004)).

> When the Defendant's motion is based on written materials rather than an evidentiary hearing we only inquire into whether [the plaintiff's] pleadings and affidavits make a *prima facie* showing of personal jurisdiction. Uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Will*, 47 F.4th at 921 (quotations omitted).

## II.    Rule 12(b)(5)

Rule 12(b)(5) allows a defendant to move to dismiss an action when the service of process of a summons and complaint is insufficient. It is plaintiff's burden to establish the validity of service of process. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)(when service of the complaint and summons is challenged the plaintiff bears the burden of establishing that service was valid). *See also Thomason v. Moeller*, 741 F. App'x 420, 421 (9th Cir. 2018) (same). The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion. *Woodard v. Bank of New York Mellon,* No. 6:18-CV-02072-AA, 2020 WL 61038, at *2 (D. Or. Jan. 6, 2020).

When service is ineffective the court has discretion to dismiss the action or to quash the service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Service will ordinarily be quashed and the action preserved [when] 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" *Thompson v. Reed,* No. 6:22-CV-00600-AA, 2022 WL 11809470, at *4 (D. Or. Oct. 20, 2022)(quoting *Roller v. Herra,* No. 3:18-CV-00057-HZ, 2018 WL 2946395, at *2 (D. Or. June 11, 2018)).

The district court also has discretion to extend the time for service outside of the 90-day period provided for in Rule 4. Fed. R. Civ. P. 4(m); *Mann v. Am. Airlines*, 324 F.3d 1088,

1090 (9th Cir. 2001) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that [90-day] period." (emphasis in original)).

## DISCUSSION

### I.     PPB as Defendant

PPB asserts it should be dismissed from this case because it is not subject to suit under § 1983. The Court agrees. Cases in this district have repeatedly held, "[t]he Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle through which the city fulfills its police functions." *Fitzhenry v. Portland Police Bureau,* No. 3:22-CV-00222-HZ, 2022 WL 3903555, at *3 (D. Or. Aug. 25, 2022)(quotation omitted). *See also Shore v. City of Portland, Oregon*, No. 3:17-CV-1519-YY, 2018 WL 3469037, at *2 (D. Or. May 21, 2018), *report and recommendation adopted*, No. 3:17-CV-01519-YY, 2018 WL 3463262 (D. Or. July 17, 2018)(same); *Harris v. City of Portland Police Dep't.,* 2016 WL 740425, at *1 (D. Or. Feb. 24, 2016) (finding PPB is not a proper defendant); *Lukens v. Portland Police Bureau*, 2011 WL 5999376, at *2 (D. Or. 2011) (denying as "futile" the plaintiff's motion to maintain PPB as a defendant). The Court, therefore, grants PPB's Motion to Dismiss, grants that part of Defendants' Amended Motion to Dismiss related to Plaintiff's claims against PPB, and dismisses Plaintiff's claims against PPB.

### II.    Service

Defendant City of Portland ("the City") asserts Plaintiff did not properly effect service because the City was not served with a copy of the summons.

#### A.    Standards

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P.  4." *Direct Mail Specialists, Inc. v. Eclat*

*Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). *See also Hobson v. Safeway Inc.,*
551 F. App'x 331 (9th Cir. 2013)(same). Rule 4(j) allows a state or local government to be
served by:

> delivering a copy of the summons and of the complaint to its chief
> executive officer; or
>
> serving a copy of each in the manner prescribed by that state's law for
> serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Oregon Rule of Civil Procedure 7D(3)(h) provides service may be made "[u]pon
any . . . incorporated city . . . by personal service or office service upon any officer, director,
managing agent, or attorney thereof." Oregon Rule of Civil Procedure 7D(2)(a) and 7D(2)(c)
describe permitted methods for effecting personal and office service as follows:

> Personal service may be made by delivery of a true copy of the summons
> and a true copy of the complaint to the person to be served.
>
> * * *
>
>  If the person to be served maintains an office for the conduct of business,
> office service may be made by leaving true copies of the summons and the
> complaint at that office during normal working hours with the person who
> is apparently in charge.

**B.    Analysis**

The City concedes it was served with Plaintiff's Amended Complaint, but asserts
it was not properly served because it was not served with a summons. To determine whether
service was adequate under ORCP 7, the Court applies the two- part test set out in *Baker v. Foy,*
310 Or. 221, 228 (1990). First, the Court asks whether "the method in which service of summons
was made [was] one of those methods described in ORCP 7D(2), specifically permitted for use
on the particular defendant by ORCP 7D(3), and accomplished in accordance with ORCP

7D(2)." *Id.* If so, then service is presumptively adequate under the Oregon rules. *Id.* at 229. If not, "or [if] there is something in the record that overcomes the presumption of validity of service of summons," the court asks whether "the manner of service employed by plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7D(1)." *Id.* at 229. In answering the second question, Oregon courts "determine the adequacy of service . . . by examining the totality of the circumstances as they were known to plaintiffs at the time of service." *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 617 (1997). Under the second prong of the analysis, "the burden is on plaintiff to show that, in the individual circumstances, the manner of service employed" satisfied the reasonable notice standard in ORCP 7D(1). *Edwards v. Edwards*, 310 Or. 672, 678–79 (1990).

The City contends Plaintiff did not effectuate service with any of the presumptively adequate methods because Plaintiff failed to serve the City with the summons. As noted, the docket contains a Return of Service on the City that includes a Proof of Service form stating: "I personally served the summons on [Ed Becerril] at 1221 SW 4th Ave. Portland, OR on 10/7/22" signed by a USMS Deputy or Clerk. Despite the Proof of Service form in the record, the City asserts it did not receive a copy of the summons when it was served with the Amended Complaint. The City relies on the Declaration of Ed Becerril in which he states he "accepted service of documents on behalf of Defendant City of Portland" in this matter on October 7, 2022. Becerril Decl. [16] ¶1. Becerril states an individual from the United States Marshal Service "handed [him] a set of documents] . . . then had [him] sign the Process Receipt and Return form." *Id.* ¶ 2. Becerril "represent[]s that the documents [he] personally received by U.S. Marshall [*sic*] service on October 7, 2022, did not include any copy of the summons." *Id.* ¶ 4. As noted, Plaintiff did not file a response to Defendants' Amended Motion to Dismiss. It is,

therefore, not entirely clear whether the City received a summons and whether service was properly effectuated on the City.

      **C.**      **Dismiss or Quash Service**

      As noted, it is within the Court's discretion to dismiss or quash service. *See Stevens*, 538 F.2d at 1389. Under Rule 4(c)(3) "a party proceeding *in forma pauperis* is entitled to have the summons and complaint served by the U.S. Marshal." *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). While the plaintiff has an obligation to attempt to remedy any defects in service he becomes aware of, a plaintiff will not be penalized for relying on the actions of the Marshals to effect service. *Id.* at 274–75 (citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 310 (2nd Cir. 1990)). "Because [*in forma pauperis*] plaintiffs rely on the marshal to effect service, courts in the Ninth Circuit act 'leniently' when service is ineffective . . . ." *Biers v. Wash. State Liquor & Cannabis Bd.*, C15-1518JLR, 2016 WL 7723977, at *1 (W.D. Wash. April 21, 2016).

      Here, the U.S. Marshals attempted to effect service. In addition, it appears that Plaintiff provided accurate information to the Marshals in aid of that service as the Amended Complaint was delivered to the City. To the extent that the documents served on the City did not include the summons, Plaintiff was entitled to rely on the Marshals for service and there is no evidence to suggest that Plaintiff cannot properly serve the City. Under these circumstances and in the exercise of its discretion the Court elects to quash service rather than to dismiss this action. *See Moody v. Finander*, No. 09-CV-0892-LAB (BGS), 2011 WL 4479074, at *4 (S.D. Cal. Aug. 26, 2011)(quashing service and allowing the plaintiff additional time to serve the defendant when there was no reason to believe the plaintiff could not properly serve the defendant and service was improper in part due to an error by the U.S. Marshals).

### III.    More Definite Statement

To the extent that the Court does not grant Defendants' Amended Motion to Dismiss Defendants move in the alternative for an order requiring Plaintiff to make a more definite statement under Federal Rule of Civil Procedure 12(e).

Federal Rule of Civil Procedure 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Motions for a more definite statement are disfavored, and ordinarily restricted to situations when a pleading "suffers from unintelligibility rather than want of detail." *Baumgarner v. Cmty. Servs., Inc.,* No. 3:12-CV-01174-BR, 2013 WL 12309779, at *3 (D. Or. Apr. 17, 2013)(citation omitted). *See also Barnes v. Olive*, No. 2:15-cv-00520-HZ, 2015 WL 5813193, at *2 (D. Or. Sept. 30, 2015)("A Rule 12(e) motion for more definite statement is disfavored."); *Aviles v. City of Long Beach*, No. 22109684MEMFADS, 2022 WL 2965396, at *5 (C.D. Cal. Mar. 9, 2022) ("A motion for more definite statement is generally disfavored and is reserved for the situation [when] a pleading is unintelligible, rather than lacking in detail."). "'A Rule 12(e) motion is proper only [when] the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.'" *Motameni v. Adams*, No. 3:21-CV-01184-HZ, 2022 WL 3682940, at *11 (D. Or. Aug. 25, 2022)(quoting *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc*., 805 F. Supp.2d 888, 896 (N.D. Cal. 2011) (citation and internal quotation marks omitted)). "[T]he motion fails [when] the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.* The court may also deny a motion under Rule 12(e) if the detail sought by the motion is obtainable through the discovery process. *Id.* (citation omitted).

Plaintiff's claims are not unintelligible. In addition, in actions involving plaintiffs who are proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Aguasin v. Mukasey*, No. 05-70521, 2008 WL 4750618, at *1 (9th Cir. Oct. 30, 2008)(citing *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002)). Here Plaintiff's Amended Complaint sets out the dates of his interaction with PPB officers and Plaintiff's allegation that this interaction violated his rights under the First, Fourth, and Eighth Amendments and constituted harassment, battery, and assault. Plaintiff attached to his Amended Complaint his Tort Claim Notice in which he provides the location and exact time of the interaction in question as well as the injuries Plaintiff allegedly suffered. The Court concludes the Amended Complaint and attachments contain sufficient information to inform Defendants of the nature of Plaintiff's claims and the factual allegations underlying them. Accordingly, the Court denies Defendants' alternative Motion for a more definite statement.

## CONCLUSION

The Court GRANTS Portland Police Bureau's Motion to Dismiss [11] and dismisses Plaintiff's claims against the PPB with prejudice.

The Court GRANTS IN PART and DENIES IN PART Defendants' Amended Motion to Dismiss. The ineffective service on the City is QUASHED. The Court grants Plaintiff an extension of time under Fed. R. Civ. P. 4(m) to effectuate proper service on the City. The U.S. Marshal is directed to re-attempt service of the Amended Complaint and Summons on the City

within 30 days of the issuance of this Order.

IT IS SO ORDERED.

DATED:  December 28, 2022

MARCO A. HERNÁNDEZ
United States District Judge