IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLTON RAY SMITH,                           No. 3:22-cv-00946-HZ

               Plaintiff,                OPINION & ORDER

    v.

CITY OF PORTLAND,

              Defendant.


Carlton Ray Smith
650 N.W. Irving St.
Portland, OR 97209

      Plaintiff, *Pro Se*

Marc Lane Rodriguez
Portland Office of the City Attorney
1221 S.W. Fourth Avenue
Suite 430
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint. ECF 21. For the reasons that follow, the Court grants Defendant's Partial Motion to Dismiss.

## BACKGROUND

On August 29, 2020, Plaintiff filed a *pro se* Amended Complaint against Portland Police Bureau ("PPB") and City of Portland and asserted claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the First, Fourth, and Eighth Amendments and state-law claims for destruction of property, battery, criminal mischief I in violation of Oregon Revised Statute § 164.365, harassment in violation of Oregon Revised Statute § 166.065, and assault in the fourth degree in violation of Oregon Revised Statute § 163.160.

On December 28, 2022, the Court granted Defendant PPB's Motion to Dismiss and dismissed Plaintiff's claims against PPB with prejudice.

On March 6, 2023, Defendant City of Portland filed a Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff did not file a response to Defendant's Motion. The Court took the Motion under advisement on March 20, 2023.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "When reviewing a dismissal pursuant to Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes them "in the light most favorable to plaintiff." *Pino v. Cardone Cap., LLC,* 55 F.4th 1253, 1257 (9th Cir. 2022)(quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "'Threadbare recitals of the elements of a cause of action' do not suffice to state a claim." *Pino*, 55 F.4th at 1257 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe *pro se* pleadings. *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020). Additionally, "[w]hen a plaintiff is *pro se* the district court is required to explain the deficiencies in a complaint, and only dismiss with prejudice if it is absolutely clear that the plaintiff could not cure the deficiencies by amendment." *Shavelson v. Hawaii C.R. Comm'n*, 740 F. App'x 532, 534 (9th Cir. 2018)(quotation omitted). *See also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")(quotation omitted); *Hundley v. Aranas*, No. 21-15757, 2023 WL 166421, at *2 (9th Cir. Jan. 12, 2023)(same).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims for criminal mischief I in violation of Or. Rev. Stat. § 164.365, harassment in violation of Or. Rev. Stat. § 166.065, and assault in the fourth degree in violation of Or. Rev. Stat. § 163.160 to the extent that Plaintiff alleges those

violations as civil claims for relief, on the grounds that they are criminal statutes that do not create a private right of action.

Or. Rev. Stat. §§ 164.365, 166.065, and 163.160 do not expressly include a private right of action. Oregon courts have not addressed whether §§ 164.365, 166.065, or 163.160 impliedly create a private right of action. This Court, therefore, must consider "'whether the statute . . . impliedly indicates that the legislature intended to create or to deny such a right of action.'" *Henley v. U.S. Bancorp*, No. 3:19-CV-00985-AC, 2020 WL 1038086, at *13 (D. Or. Jan. 21, 2020)(quoting *Doyle v. City of Medford*, 356 Or 336, 363 (2014)), report and recommendation adopted, No. 3:19-CV-00985-AC, 2020 WL 1033537 (D. Or. Mar. 2, 2020). If the court cannot discern any legislative intent to create or deny a private right of action, it then considers whether creating such a right "would be consistent with the statute, appropriate for promoting its policy, and needed to ensure its effectiveness." *Doyle*, 356 Or. at 363.

Or. Rev. Stat. §§ 164.365, 166.065, and 163.160 do not "refer to civil liability in some way." *Doyle*, 356 Or. at 345. The only liability set out in those statutes is criminal. Specifically, Or. Rev. Stat. § 164.365 defines the "crime of criminal mischief" as a class C felony. Or. Rev. Stat. § 166.065 defines the "crime" of harassment as a class B misdemeanor. Or. Rev. Stat. § 163.160 defines "the crime of assault in the fourth degree" as a class A misdemeanor. The only express remedy provided for violation of these statutes is criminal (*i.e.,* fine, imprisonment, or both). Thus, there is little textual or contextual support to indicate that the legislature impliedly intended to create a private right of action for criminal mischief, criminal harassment, or criminal assault. In addition, the Court finds no availing reason to create a private right of action for violation of §§ 164.365, 166.065, or 163.160. Oregon law provides sufficient other private actions under which plaintiffs may seek recovery including civil assault, battery, and various

4 – OPINION & ORDER

civil causes of action. The Court, therefore, concludes creation of a private right of action for violation of §§ 164.365, 166.065, or 163.160 is unwarranted. Accordingly, the Court concludes Oregon has not created a private right of action for violations of §§ 164.365, 166.065, or 163.160 and declines to create private rights of action for violation of those statutes.

Taking the facts in the light most favorable to Plaintiff, therefore, the Court finds it is absolutely clear that the deficiencies of Plaintiff's claims for violation of §§ 164.365, 166.065, or 163.160 cannot be cured by amendment. Accordingly, the Court grants Defendant's Partial Motion to Dismiss.

## CONCLUSION

For these reasons, the Court GRANTS Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint, ECF 21, and dismisses Plaintiff's claims for violation of Or. Rev. Stat. §§ 164.365, 166.065, and 163.160.

IT IS SO ORDERED.

DATED:_____March 30, 2023_____

MARCO A. HERNÁNDEZ
United States District Judge